| | |
|---|---|
| FRESENIUS MEDICAL CARE )<br>HOLDINGS, INC. d/b/a FRESENIUS )<br>MEDICAL CARE NORTH AMERICA )<br>a/k/a FRESENIUS, a New York )<br>Corporation, and BIO-MEDICAL )<br>APPLICATIONS OF NORTH )<br>CAROLINA, INC. d/b/a BMA OF )<br>MONROE f/k/a FMC OF MONROE, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BROOKS FOOD GROUP, INC., and )<br>BROOKS FOOD GROUP, INC. )<br>EMPLOYEE BENEFIT PLAN, )<br>)<br>Defendants. )<br>_____) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the "Plaintiffs' Motion to Compel Discovery" (document #39) and ". . . Memorandum of Law Supporting . . ." (document #40), both filed December 17, 2007. On December 26, 2007, the Defendants filed their ". . . Memorandum in Opposition . . ." (document #41). The Plaintiffs filed their ". . . Reply . . ." (document #42) January 10, 2008.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and this motion is now ripe for determination.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the Plaintiffs' Motion to Compel Discovery, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This is an action for payment of medical services allegedly provided by the Plaintiffs to a participant in the Defendants' employee benefit plan. The Plaintiffs seek, as the patient's assignees, benefit payments pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").

Accepting the allegations of the Amended Complaint as true, Clarence Kirkpatrick was employed by Defendant Brooks Food Group, Inc. and participated in the Employee Benefit Plan. His spouse, Margaret Kirkpatrick, also participated in the Plan, and it is her medical treatment at a kidney dialysis center from July 17, 2003 to January 30, 2005, which is the subject of this action.

The dialysis center was designated a non-Network facility under the Employee Benefit Plan. However, because there was no in-Network facility within one hundred miles of Ms. Kirkpatrick, the Plan's terms provided that it would pay the in-Network rate of 85% rather than the non-Network rate of 70% of the treatment. The Plan was Ms. Kirkpatrick's primary insurer and Medicare was responsible for secondary payment of her medical expenses.

According to the Plaintiffs, Ms. Kirkpatrick incurred $1,509,274.74 in medical expenses, and in return for these services assigned her benefits and rights to payments to the dialysis center.

The Plan paid only $187,263.57 of the billed claims, which it explained as 85% of the usual and reasonable charges for the services provided. The dialysis center appealed this decision and received the final denial on January 16, 2006.

On March 29, 2007, the Plaintiffs filed their Amended Complaint. Concerning the subject dispute, the parties have engaged in discovery, and after much correspondence, are unable to agree as to whether the Defendants must produce documents responsive to the following four requests:

**Request No. 2:** Produce any and all documents, business records, paperwork, or

computer notes which Defendants considered or knew about at the time Plan denied Plaintiffs' claims for benefits without limitation to whether Defendants consider[] that information to be part of the administrative record or its claims file which pertain to Plaintiffs' claims.

**Request No. 3:** Produce any and all documents, which establish the policies and procedures of Brooks Food Group, Inc., Employee Benefit Plan ("Plan") for handling, funding, logging and forwarding of claims submitted by beneficiaries, or healthcare providers under Plan.

**Request No. 4:** Produce any and all documents, which establish the policies and procedures of Plan for issuance of notice of adverse decision and appeal processing procedures.

**Request No. 5:** Produce any and all documents, business records, paperwork, computer notes, memorandums or electronic mail which concerned Plaintiffs' appeal or Plaintiffs' claims.

The Plaintiffs argue that these production requests seek information which will ultimately be relevant to the Court's determination of whether a conflict of interest was present in the Defendants' determination of benefits, and consequently, what standard to apply to the decision – abuse of discretion or modified abuse of discretion.[1] The Plaintiffs also argue that the administrative record produced by the Defendants lacks documentation of what the Plan Administrator considered when making a determination of the "usual and reasonable" charges for the dialysis services provided, and seeks any documents which would explain the determination.

In response, the Defendants argue that the 968-page administrative record[2] contains all of the information before the Plan when it made its determination as to the usual and reasonable charges,

---

[1] Courts have taken a "sliding-scale approach" when a conflict of interest is found – "the greater the administrator's conflict of interest, the less deference the reviewing court will give to the administrator's decision." Guthrie v. Nat'l Rural Elec. Coop. Ass'n Long-Term Disability Plan, ___ F.3d ___, 2007 WL 4303529, *4 (4th Cir. Dec. 11, 2007).

[2] The record includes the Plan itself (77 pages), claims submitted by the Plaintiffs and the return Explanation of Benefits from the Plan Administrator (844 pages), and the documents relating to the appeal (29 pages).

and that Fourth Circuit case law establishes that courts reviewing a plan's decision under an abuse of discretion standard are limited to the information contained in the administrative record.

## II. DISCUSSION OF CLAIMS

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides generally that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. *For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).*

Fed. R. Civ. P. 26(b)(1) (emphasis in original). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c).

Whether to grant or deny a motion to compel or to limit discovery is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

It is well settled that ERISA plaintiffs are permitted to conduct discovery. See Sedlack v. Braswell Services Group, Inc., 134 F.3d 219, 226 (4th Cir. 1998) (defendant did not produce certain documents until the plaintiff requested production during the discovery period); Elliott v. Sara Lee

4

Corp., 190 F.3d 601, 605, 608-09 (4th Cir. 1999) (noting that the parties moved for summary judgment at the conclusion of discovery, but finding it proper for the district court not to consider affidavit of vocational consultant submitted by the plaintiff which was not available to the administrator at the time it made its decision); and Adams v. Louisiana-Pacific Corp., 284 F. Supp. 2d 331, 337 (W.D.N.C. 2003) (allowing discovery on potential conflict of interest), rev'd on other grounds, 177 Fed. Appx. 335 (4th Cir. 2006). The scope of discovery in an ERISA case is reduced, however, when the defendant is entitled to an abuse of discretion or modified abuse of discretion standard of review (discussed below). Accord Sheppard & Enoch Pratt v. Travelers Insurance Co., 32 F.3d 120, 125 (4th Cir. 1994) (where abuse of discretion standard applied, "assessment of the reasonableness of the administrator's decision must be based on the facts known to it at the time"); and Berry v. Ciba Geigy, 761 F.2d 1003, 1007 (4th Cir. 1985).

In determining the applicable standard of review, the Supreme Court has held that "a denial of benefits challenged under [ERISA] is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989). Accord Rego v. Westvaco Corporation, 319 F.3d 140, 146 (4th Cir. 2003) (if administrator does not act within scope of discretion conferred, then review is de novo). When an employee benefit plan gives a neutral plan administrator discretion to interpret the language of the plan, the administrator's determinations are ordinarily entitled to deferential review under an "abuse of discretion standard." Firestone Tire & Rubber Co., 489 U.S. at 115. Accord Colucci v. Agfa Corp. Severance Pay Plan, 431 F.3d 170, 176 (4th Cir. 2005); and Aliff v. BP America, Inc., 26 F.3d 486, 489 (4th Cir. 1994).

However, when the fiduciary has a potential conflict of interest – because it is both the payor

5

of benefits and the decision maker – the district courts must apply what has been termed the "modified abuse of discretion" standard. Under that standard, the presence of a potential conflict is only one factor considered in assessing the primary inquiry, namely the "reasonableness" of the decision. Bernstein, 70 F.3d at 788.

Thus, where one interpretation of the plan in question will further the financial interests of the fiduciary, the Court's deferential standard must "be lessened to the degree necessary to neutralize any untoward influence resulting from the conflict." Bedrick v. Travelers Insurance Co., 93 F.3d 149, 152 (4th Cir. 1996). Accord Booth v. Wal-Mart Stores, Inc., Associated Health and Welfare Plan, 201 F.3d 335, 343 (4th Cir. 2000) ("fiduciary's conflict of interest, in addition to serving as a factor in the reasonableness inquiry, may operate to reduce the deference given to a discretionary decision of that fiduciary"); and Doe v. Group Hospitalization, 3 F.3d 80, 87 (4th Cir. 1993). In other words, the administrator's decision to deny coverage must be reviewed to determine "whether it is consistent with an exercise of discretion by a fiduciary acting free of the interests that conflict with those of the beneficiaries." Bedrick, 93 F.3d at 152.

In Booth, supra, the Fourth Circuit Court of Appeals stated that when determining whether a plan administrator's decision to terminate or deny benefits is reasonable and based upon substantial evidence, several factors are to be considered, including but not limited to:

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

201 F.3d at 342-43.  Accord  Colucci, 431 F.3d. at 175-80 (applying Booth factors).

The Plaintiffs contend that their discovery requests target all but the first two of the Booth factors, with particular emphasis on the Defendants' motives and conflict of interest (the eighth factor).  Although the standard of review to be applied in this case is yet to be determined, the Plaintiffs seek discovery relevant to that ultimate determination and additional documentation relating to the denial of their appeal.

Considering the above noted authority, the record, and the arguments of counsel, the Court rules as follows on each of the contested Requests:

> **Request No. 2:**  Produce any and all documents, business records, paperwork, or computer notes which Defendants considered or knew about at the time Plan denied Plaintiffs' claims for benefits without limitation to whether Defendants consider[] that information to be part of the administrative record or its claims file which pertain to Plaintiffs' claims.

The Defendants object to this Request because they have already produced the administrative record relied upon in their decision.  While this is undoubtedly true, the Court concludes that the facts of this case warrant additional discovery.  According to the Plaintiffs, for example, the administrative record contains little information relating to the Defendants' determination of what constitutes a usual and reasonable charge for the services provided by the Plaintiffs.  This determination is the core of the parties' dispute, and any documents relevant to this dispute will undoubtedly aid in a fair resolution of the issue – whether these documents were included in the formal administrative record or not.  And contrary to the Defendants' assertions, producing documents outside of the administrative record does not violate the principles governing ERISA discovery because the Court is compelling only those documents in effect <u>at the time they made their decision</u>.  Accord  Sheppard & Enoch Pratt, 32 F.3d at 125 (where abuse of discretion standard

7

applied, "assessment of the reasonableness of the administrator's decision must be based on the facts known to it at the time").

**Request No. 3:** Produce any and all documents, which establish the policies and procedures of Brooks Food Group, Inc., Employee Benefit Plan ("Plan") for handling, funding, logging and forwarding of claims submitted by beneficiaries, or healthcare providers under Plan.

As explained in the Plaintiffs' Reply, this Request also seeks only documents relating to the policies and procedures in effect at the time the Plaintiffs' appeal was denied. More specifically, the Plaintiffs explain that they seek documents relating to the then applicable policies and procedures governing whether a claim exceeded the usual and reasonable amount allowed under the Plan for a particular expense. The Plaintiffs' narrowed request for documents which establish procedures and policies relevant to what constitutes a usual and reasonable charge will also be granted.

**Request No. 4:** Produce any and all documents, which establish the policies and procedures of Plan for issuance of notice of adverse decision and appeal processing procedures.

The Plaintiffs have also effectively narrowed this Request in their Reply, noting that what they seek here are documents relevant to the policies and procedures for determining whether a claim is <u>timely</u>. Inasmuch as the Defendants' final decision identifies as a "threshold issue" whether the Plaintiffs' claims were timely filed, the Court concludes that this narrower request is reasonable. Furthermore, as noted above, the Defendants are being asked only to supplement their responses with documents <u>in effect at the time they made the decision regarding the timeliness of the Plaintiffs' claims</u>.

**Request No. 5:** Produce any and all documents, business records, paperwork, computer notes, memorandums or electronic mail which concerned Plaintiffs' appeal or Plaintiffs' claims.

8

_____To the extent the requested documents exist, have not already been produced in response to another Request, and are not protected by attorney-client or attorney work product privilege, this Request is also reasonable, and accordingly, will be granted.

### III. ORDER

_____**NOW, THEREFORE, IT IS ORDERED:**

1. The Plaintiffs' Motion to Compel (document #39), as narrowed by the Plaintiffs' Reply as discussed above, is **GRANTED**.

2. The Defendants shall provide any responsive documents **on or before FEBRUARY 18, 2008**.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: January 18, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge